# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DERRICK D. CARR, | ) |
| Petitioner, | ) |
| | ) No. 3:21-cv-00170 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| HILTON HALL, JR., | ) MAGISTRATE JUDGE FRENSLEY |
| Respondent. | ) |

## MEMORANDUM

Derrick D. Carr, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a pro se petition for a writ of habeas corpus challenging his 2015 convictions and sentence for second-degree murder and attempted first-degree murder, for which he is currently serving consecutive terms of twenty-five years imprisonment. Respondent Hilton Hall, Jr., has filed an answer to the Petition. The Petition is ripe for review, and this court has jurisdiction pursuant to 28 U.S.C. § 2241(d). Having fully considered the record, the Court finds that an evidentiary hearing is not needed and that Petitioner is not entitled to habeas relief.

## I. PROCEDURAL HISTORY

This case arises from a 2013 incident in which Petitioner and a confederate fired weapons during an attempted robbery, killing one person and injuring another. On August 13, 2013, Petitioner was indicted in Wilson County, Tennessee, on charges of premeditated first-degree murder, felony first-degree murder, attempted first-degree murder, especially aggravated robbery, and reckless endangerment involving a deadly weapon. (Doc. No. 8-1 at 4-9); *Carr v. State*, No. M201900201CCAR3PC, 2020 WL 4581297, at *1 (Tenn. Crim. App. Aug. 10, 2020). On August 20, 2015, pursuant to a negotiated plea agreement, Petitioner pled guilty to second-degree murder

and attempted first-degree murder and received concurrent twenty-five-year prison sentences. (Doc. Nos. 8-1 at 10-13, 72-90); *Carr*, 2020 WL 4581297, at *1. Petitioner did not file a direct appeal. On April 21, 2016, Petitioner filed a pro se petition for post-conviction relief in the Wilson County Criminal Court. (Doc. No. 8-1 at 14-25); *Carr*, 2020 WL 4581297, at *2. The post-conviction trial court appointed counsel, who filed motions and an amended petition. (Doc. No. 8-1 at 44-68). The Court held an evidentiary hearing (Doc. No. 8-3) and, on January 4, 2019, denied the petition. (Doc. No. 8-1 at 111-119). Petitioner timely appealed (*id*. at 140; Doc. No. 8-6), and the TCCA affirmed the denial of post-conviction relief on August 10, 2020. *Carr*, 2020 WL 4581297, at *1. On December 2, 2020, the Tennessee Supreme Court denied Petitioner's application for discretionary review. (Doc. No. 8-13). Thereafter, Petitioner filed the pending pro se petition. Respondent filed the state court record and an answer to the petition urging dismissal. (Doc. No. 13).

## II. STANDARD OF REVIEW

### A. Habeas Relief

A federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Cassano v. Shoop*, 1 F.4th 458, 465 (6th Cir. 2021) (citing *Woodford v. Garceau*, 538 U.S. 202, 210 (2003)). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford*, 538 U.S. at 206 (internal citations and quotation marks omitted). It "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring)). Under AEDPA, "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system," *Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003), and state courts are considered "adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. 12, 19 (2013); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) (explaining that AEDPA "demands that state-court decisions be given the benefit of the doubt") (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted); 28 U.S.C. § 2254(a). AEDPA further restricts federal courts from providing relief on habeas claims that were previously "adjudicated on the merits" in the state courts unless the state-court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cassano*, 1 F.4th at 466 (quoting 28 U.S.C. § 2254(d)); *Harrington*, 562 U.S. at 100.

"Under the 'contrary to' clause, a federal habeas court may grant the writ 'if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Lang v. Bobby*, 889 F.3d 803, 810 (6th Cir. 2018) (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies the law or bases its decision on an unreasonable determination of the facts, in light of the record before the state court." *Id.* (citing *Harrington*, 562 U.S. at 100; *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). An incorrect or erroneous application of clearly established federal law is not the same as an unreasonable one;

3

"relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *Carter v. Mitchell*, 829 F.3d 455, 468 (6th Cir. 2016) (quoting *White v. Woodall*, 572 U.S. 415, 427 (2014)); *Harrington*, 562 U.S. at 103. Likewise, a state court decision involves an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (quoting 28 U.S.C. § 2254(e)(1)); *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Miller-El*, 537 U.S. at 340).

**B.      Exhaustion and Procedural Default**

Before a federal court may review the merits of a Section 2254 habeas claim, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Harrington*, 562 U.S. at 103. To be properly exhausted, each claim must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971)) (explaining that a habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals ("TCCA"). *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). A petitioner must then present to a federal court essentially the same facts and legal theories that were considered and rejected by the state courts. *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002) (citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). The burden is on a petitioner

4

to demonstrate compliance with the exhaustion requirement or that the available state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement works together with the procedural-default doctrine, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan*, 526 U.S. at 848. A petitioner procedurally defaults a claim when he fails to properly exhaust available remedies and can no longer do so because state procedural rules have closed off any avenue for state court review on the merits. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (citing *Jones v. Bagley*, 696 F.3d 475, 483–84 (6th Cir. 2012)). Procedural default also occurs where the state court "actually . . . relied on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).

To overcome a procedural default, a petitioner may show "good cause for the default and actual prejudice from the claimed error." *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019) (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)); *Sutton v. Carpenter*, 745 F.3d 787, 790 (6th Cir. 2014) (citing *Coleman*, 501 U.S. at 754). A petitioner may establish cause by "show[ing] that some objective factor external to the defense" – a factor that "cannot be fairly attributed to" the petitioner – "impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 137 S. Ct. at 2065 (citations omitted). Objective impediments include an unavailable claim or interference by officials that made compliance with the rule impracticable. *Id*. Attorney error does not constitute cause unless it is constitutionally ineffective assistance of counsel. *Edwards*, 529 U.S. at 451-52; *Benton*, 942 F.3d at 307-08. Generally, however, a claim of ineffective assistance

must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.[1] *Murray*, 477 U.S. at 489.

Ineffective assistance of post-conviction counsel may establish cause under two circumstances. First, the complete abandonment (of the representation) by counsel during state post-conviction proceedings without notice to the petitioner may establish cause to excuse default. *Maples v. Thomas*, 565 U.S. 266, 288-89 (2012). Second, ineffective assistance of post-conviction counsel may establish the cause needed to excuse procedural default regarding substantial claims of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); *Trevino v. Thaler*, 569 U.S. 413, 429 (2013); *see also Sutton*, 745 F.3d at 792 (holding that *Martinez* and *Trevino* apply in Tennessee).

If cause is established, a petitioner must also demonstrate actual prejudice. To do so, a petitioner must demonstrate that the constitutional error "worked to his *actual* and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (emphasis in original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). This means that "a petitioner must show not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015) (emphasis in original); *Frady*, 465 U.S. at 170. In the alternative, a court may bypass these requirements if a petitioner presents an "extraordinary case" whereby a constitutional violation "probably resulted" in the conviction of someone who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004); *Benton*, 942 F.3d at 307.

---

[1] If the ineffective-assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. *Edwards*, 529 U.S. at 452-53.

## III. ANALYSIS

With these principles in mind, the Court turns to the claims raised by Petitioner. The petition asserts that trial counsel rendered constitutionally ineffective assistance by failing to: (1) inform the court of a conflict of interest ("Claim One"); (2) advise Petitioner that he could not be sentenced to the maximum sentence within range of this convictions absent proof of enhancement factors ("Claim Two"); and (3) adequately advise Petitioner regarding the nature and consequences of the trial and sentencing decisions ("Claim Three"). (Doc. No. 1-1 at 9). The Petitioner's fourth claim is that the state court improperly concluded that his guilty plea was knowing and voluntary ("Claim Four"). (*Id*. at 12).

1. **Claims One and Two**

The Court finds that Claims One and Two are procedurally defaulted. Petitioner brought these claims before the post-conviction trial court (*see* Doc. No. 8-1 at 66-67), but he failed to raise them on appeal to the TCCA. (*See* Doc. No. 8-6); *see also Carr*, 2020 WL 4581297, at *6 & n.1 (explaining that "Petitioner raised additional allegations of ineffective assistance of counsel in his petition for post-conviction relief, but [he] has abandoned those allegations on appeal"). Thus, the TCCA did not consider these questions, as required, in the first instance. Because a state procedural rule prohibits the state courts from extending further consideration to these claims, *In re Hall*, 795 F. App'x 943, 944 (6th Cir. 2019), they are deemed exhausted (since there is no "available" state remedy) but procedurally defaulted from federal habeas review. *Coleman*, 501 U.S. at 752-53; *Atkins*, 792 F.3d at 657.

Petitioner has not demonstrated any "good cause for the default[s]," *Benton*, 942 F.3d at 307, and the Court can discern no reason to excuse them. To the extent that Petitioner may rely on *Martinez* and the ineffective assistance of post-conviction counsel to establish cause, he may not

7

do so because *Martinez* does not apply to a default that occurred at the appellate level of state post-conviction proceedings. *See West v. Carpenter*, 790 F.3d 693, 698-99 (6th Cir. 2013) ("[A]ttorney error at state post-conviction appellate proceedings cannot excuse procedural default under the *Martinez-Trevino* framework."); *see also Middlebrooks v. Carpenter*, 843 F.3d 1127, 1135-36, 1139 (6th Cir. 2016). Accordingly, these claims will be dismissed.

### 2. Claim Three: Ineffective Assistance of Counsel Regard Entering a Plea

Claim Three asserts that trial counsel was constitutionally ineffective when he failed to fully explain "the consequences of entering a guilty plea versus his trial and sentencing options." (Doc. No. 1-1 at 10.) Respondent argues that this claim is procedurally defaulted. (Doc. No. 13.) However, the Court is satisfied that Petitioner raised essentially the same issue before the TCCA. (*See* Doc. No. 8-6 at 19 (contending that trial counsel failed to discuss "any trial strategy" when he was considering a guilty plea)). And the TCCA explicitly considered whether trial counsel failed to communicate any trial or sentencing strategy. *See Carr*, 2020 WL 4581297, at *6 & n.1. This claim is therefore fully exhausted.

#### a. Relevant Law

The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees the right of a person accused of a crime to the effective assistance of counsel. To succeed on a claim of constitutionally ineffective assistance of counsel, a petitioner "must show both deficient performance by counsel and prejudice." *Premo v. Moore*, 562 U.S. 115, 121 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) and citing *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984)); *see also Bell*, 535 U.S. at 694-95. These dual requirements provide that, while reasonable attorneys may disagree on the appropriate strategy for defending a client, the constitution is violated only where counsel's performance is

"so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)); *see also Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). A court may address performance and prejudice in any order and end the inquiry if one requirement is not met. *Strickland*, 466 U.S. at 697.

Trial counsel's performance is constitutionally deficient when it falls below an objective standard of reasonableness measured by prevailing professional norms. *Strickland*, 466 U.S. at 686-87; *Richardson v. Palmer*, 941 F.3d 838, 856 (6th Cir. 2019); *Bigelow*, 367 F.3d at 570. When evaluating performance, a court must be "highly deferential," consider the totality of evidence, and apply a "strong presumption" that trial counsel's conduct falls within a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 695; *Harrington*, 562 U.S. at 104. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989) (quoting *Strickland*, 466 U.S. at 691). Thus, the prejudice element requires a petitioner to show that there is a "reasonable probability" that the result of the trial would have been different but for counsel's unprofessional errors. *Premo*, 562 U.S. at 122 (citing *Harrington*, 562 U.S. at 104-05); *Strickland*, 466 U.S. at 694; *Bigelow*, 367 F.3d at 570. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This does not require a showing that

9

counsel's actions "more likely than not altered the outcome," but "the likelihood of a different result must be substantial, not just conceivable."[2] *Harrington*, 562 U.S. at 112 (quoting *Strickland*, 466 U.S. at 693, 697); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). In reaching this conclusion, a court considers whether the result of the trial was "fundamentally unfair or unreliable," *Bigelow*, 367 F.3d at 570 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)), or "infect[ed] . . . with error of constitutional dimensions." *Richardson*, 941 F.3d at 856 (quoting *Murray*, 477 U.S. at 494).

Additionally, due to the restrictive scope of review under AEDPA, *see Cassano*, 1 F.4th at 466 (quoting 28 U.S.C. § 2254(d)), "[t]he pivotal question" on federal habeas review is not simply whether the *Strickland* standard was satisfied, but rather "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. As the Supreme Court has emphasized:

> This is different from asking whether defense counsel's performance fell below *Strickland'*s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of [Section] 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.' A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Id.* (quoting *Williams*, 529 U.S. at 410) (emphasis in original); *see also Burt*, 571 U.S. at 15 (explaining that habeas review of ineffective assistance of counsel "gives both the state court and the defense attorney the benefit of the doubt") (quoting *Pinholster*, 563 U.S. at 190). Thus, a state court's determination that an ineffective assistance of counsel claim lacks merit under *Strickland*

---

[2] Accordingly, a petitioner need not demonstrate actual innocence in order to establish prejudice. *Bigelow*, 367 F.3d at 570.

"precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 652 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### b. Discussion

Petitioner contends that he was "denied a fundamentally fair trial" because trial counsel did not ensure that Petitioner "fully understood his options before he entered a plea of guilty." (Doc. No. 1-1 at 9-10). "Surmounting *Strickland's* high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), because *Strickland* requires deference to counsel and AEDPA requires deference to the state court. *Moody v. Parris*, No. 20-5299, 2022 WL 3788503, at *4 (6th Cir. Aug. 30, 2022). Thus, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101.

Here, Petitioner has not met the highly demanding requirement of showing that he is entitled to relief on this claim because the determination of the TCCA was not contrary to *Strickland* or based on an unreasonable determination of the facts. Applying *Strickland*, the TCCA found as follows:

> Petitioner agreed with the facts of the case as presented by the State. Petitioner told the trial court that he understood he had the right to plead not guilty, that the State would have to present evidence to a jury and had the burden of proving Petitioner's guilt, and that the jury would decide if Petitioner was guilty or not guilty. Petitioner agreed to waive his rights and enter a guilty plea. Petitioner agreed that he had been effectively represented by trial counsel and that there was nothing trial counsel had failed to do given the facts of the case. Petitioner was not under the influence of any drugs or alcohol. Petitioner was not threatened or coerced into pleading guilty. Petitioner agreed that it was solely his decision to plead guilty. Petitioner agreed that trial counsel had met with him on several occasions and answered any questions that Petitioner had prior to the hearing. Petitioner agreed that he was pleading guilty against the advice of his family members. Petitioner agreed that trial counsel

11

> told him that he had a chance of winning the case and what the outcomes would be if the State won the case.

*Carr*, 2020 WL 4581297, at *1-2. Moreover, the trial court found that Petitioner "appear[ed] to have a full grasp of the issues before the court." (Doc. No. 8-1 at 160.)

The Court must presume the correctness of these factual determinations because Petitioner has made no attempt to challenge them with clear and convincing evidence. (*See* Doc. No. 1-1). Regardless, the trial record confirms these determinations. (*See* Doc No. 12-8 at 98-100). Trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690; *see also Dixon v. Houk*, 737 F.3d 1003, 1012 (6th Cir. 2013) (explaining that on habeas review matters of trial strategy are usually left to counsel's discretion). Here, trial counsel met with Petitioner on multiple occasions and did all he could to inform Petitioner of his options regarding a plea or trial, including representing that there was a possibility that Petitioner could win at trial. This conduct was not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Accordingly, the TCCA reasonably concluded under *Strickland* that trial counsel's performance did not fall below an objective standard of reasonableness as measured by prevailing professional norms. *Strickland*, 466 U.S. at 686-88; *Richardson*, 941 F.3d at 856; *Bigelow*, 367 F.3d at 570. Furthermore, Petitioner has also not demonstrated prejudice. That is, Petitioner has not demonstrated that there was a reasonable probability that the result of a trial would have been favorable had trial counsel rendered advice that discouraged, rather than encouraged, a plea. *Bigelow*, 367 F.3d at 570 (quoting *Strickland*, 466 U.S. at 694). Petitioner is therefore not entitled to habeas relief on this claim.

### 3. Claim Four: Involuntary Guilty Plea

Petitioner rejects his plea colloquy and argues that his guilty plea was unknowing and involuntary because he was "pressured" into pleading guilty by trial counsel. To satisfy constitutional standards of due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A reviewing court must determine that the defendant's waiver of these important rights is knowing and voluntary, meaning that the defendant appreciates the consequences of the waiver, executes it without coercion, and understands the rights that are given up. *Brady v. United States*, 397 U.S. 742, 748-50 (1970); *see also North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (explaining that the standard is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant). The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991), as well as the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). A defendant's solemn declaration in open court that his plea is knowing and voluntary creates "a formidable barrier in any subsequent collateral proceeding" because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001) (explaining that a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evinced by the plea colloquy, is valid). Thus, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

Here, the record reflects that Petitioner understood the nature and consequences of the charges and voluntarily chose to plead guilty. *Id*. During the guilty plea hearing, Petitioner testified as follows:

| | |
|---|---|
| Mr. Poindexter: | and that this is your decision here today, is that correct? |
| Mr. Carr: | Yes. |
| Mr. Poindexter: | Is it my decision? |
| Mr. Carr: | No. |
| Mr. Poindexter: | I know you have consulted with your family as well and you rely upon their advice as we all do with family members. Have you had the opportunity to consult with your family in this regard? |
| Mr. Carr: | Yes. |
| Mr. Poindexter: | And is it not true that in fact you're acting on your own today against their advice? |
| Mr Carr: | Yes. |
| Mr. Poindexter: | Do you feel that I've done everything that can be done in this matter? |
| Mr. Carr: | Yes. |
| Mr. Poindexter: | Did I in fact advise you if this matter had gone to trial that in my opinion we had a chance of winning this case? Did I tell you that? |
| Mr. Carr: | Yes. |
| Mr. Poindexter: | Did I also tell you that the state—there was a chance, in my opinion, certainly the state had an opportunity to win this case as well? |
| Mr. Carr: | Yes. |
| Mr. Poindexter: | And we discussed what the potential outcomes, whether we prevailed or whether the state prevailed what they would be? |
| Mr. Carr: | Yes. |
| Mr. Poindexter: | And based upon the discussion of that, you're here today asking the Court to accept this plea? |
| Mr. Carr: | Yes. |

(Doc. No. 8-2 at 208-09). In short, Petitioner's statements at his guilty plea hearing indicated a knowing and voluntary plea. Based upon this and other evidence, the TCCA applied *Boykin* and its progeny and concluded that:

> [T]rial counsel met with Petitioner multiple times, twice in the presence of co-counsel. Trial counsel informed Petitioner that the case was winnable and had a fifty/fifty chance of a favorable outcome. Trial counsel stated that he informed

14

> Petitioner that the premeditated first-degree murder charge would be difficult for the State to prove but given Mr. Johnson's original statement, it would be difficult to defend the felony murder charge. Trial counsel thoroughly went over the sentencing guidelines and informed Petitioner about sentence exposure if he were convicted at trial. Trial counsel used a private investigator to prepare for trial. He also developed a strategy based on Petitioner's assertion of self-defense and the credibility of the State's witnesses. Petitioner asked questions of trial counsel, and trial counsel obliged Petitioner with an answer to each question. Trial counsel suggested that Petitioner consult with his family while trying to come to his decision to accept the plea offer. In his plea colloquy, Petitioner acknowledged that trial counsel had done everything he needed to do and answered any questions Petitioner had prior to the plea hearing. Petitioner stated that no one had threatened or promised him anything in order for him to plead guilty.

*Carr*, 2020 WL 4581297, at *6. Based upon this evidence, the TCCA did not act unreasonably by concluding that Petitioner—who was fully informed, was given the correct sentencing information, and denied the existence of other representations or promises—made a knowing and voluntary plea. *Blackledge*, 431 U.S. at 74; *see also United States v. Todaro*, 982 F.2d 1025, 1029-1030 (6th Cir. 1993); *White v. Jamrog*, No. CIV.A. 01-CV-73640-D, 2002 WL 1885045, at *4 (E.D. Mich. July 29, 2002). Petitioner has not surmounted the "formidable barrier" of his sworn statements, and his actions demonstrate an intelligent choice among available options. Despite Petitioner's subjective protestations, the "record does not reveal any breach of agreement or other impropriety in the administration of the plea agreement." *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *see also Nichols v. Perini*, 818 F.2d 554, 558-559 (6th Cir. 1987) (noting that habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain). The state court's rejection of this claim, therefore, was not based on an objectively

unreasonable application of clearly-established Supreme Court precedent. Petitioner is not entitled to habeas relief.

## V. CONCLUSION

For the reasons set forth herein, Derek D. Carr's claims either fail on the merits or are procedurally defaulted. Accordingly, the Petition under § 2254 will be denied, and this action will be dismissed with prejudice. Because jurists of reason could not disagree with the Court's resolution of Carr's claims, the Court will deny a certificate of appealability.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE